## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **ILYAS AHMED SHAIKH** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **CIVIL ACTION NO. 1:23-CV-196** |
| **COUNTY OF MOBILE/MOBILE COUNTY** | ) | |
| **COMMISSION(ERS) in its (their) official** | ) | |
| **capacity; CITY OF MOBILE; THADDEUS** | ) | |
| **HOYT, JR., individually and in his official** | ) | |
| **capacity as Mobile Police Officer; COMMUNITY** | ) | **NOTICE OF REMOVAL OF CIVIL** |
| **SECURITY SERVICES, INC.; COMMUNITY** | ) | **ACTION TO UNITED STATES** |
| **SECURITY SERVICES, LLC; SIMEON** | ) | **DISTRICT COURT UNDER 28** |
| **JOHNSON; MOBILE COUNTY LICENSE** | ) | **U.S.C. § 1331** |
| **COMMISSION/MOBILE COUNTY LICENSE** | ) | |
| **COMMISSIONER in his official capacity; and** | ) | |
| **Fictitious Parties A-Z who are persons or entities** | ) | |
| **unknown as of the filing of this Complaint who** | ) | **REMOVED FROM MOBILE** |
| **are responsible for the injuries to Plaintiff and** | ) | **COUNTY CIRCUIT COURT** |
| **who will be added when ascertained;** | ) | **(CV-2023-900790)** |
| | | |
| **Defendants.** | | |

## NOTICE OF REMOVAL

Defendants City of Mobile and Thaddeus Hoyt, Jr. hereby jointly remove this action from the Circuit Court of Mobile County, Alabama to the United States District Court for the Southern District of Alabama, Southern Division, pursuant to 28 U.S.C. §§ 1331 and 1441 and state as follows:

### I.    Nature of the Action

1.    On April 26, 2023, Plaintiff Ilyas Ahmed Shaikh filed this action titled *Ilyas Ahmed Shaikh MD v. City of Mobile, et al.*, Case No. CV-2023-900790 in the Circuit Court of Mobile

50819469 v1

County, Alabama. (Doc. 2). Amended Complaints were filed on April 27, 2023 and May 2, 2023. (Doc. 21).

2.      Plaintiff asserts claims against the County of Mobile[1], the City of Mobile, Thaddeus Hoyt, Jr., Community Security Services, Inc., Community Security Services, LLC, Simeon Johnson, and Mobile County License Commission[2] (referred to herein as "Defendants"), and certain fictitious defendants arising out of an alleged confrontation and arrest that occurred at the Mobile County license office on Michael Boulevard in the City of Mobile, Alabama.

3.      Plaintiff alleges two claims against Defendants Johnson, City of Mobile, and City of Mobile Police Officer Hoyt based on alleged constitutional violations brought pursuant to 42 U.S.C. § 1983: False Arrest/Detention (Count II) and Excessive Force (Count III). In addition to the alleged violations of 42 U.S.C. § 1983, Plaintiff alleges a number of state law claims against various Defendants, including Assault (Count I), Negligent/Wanton Hiring or Retention (Count IV), Negligent/Wanton Training (Count V), Malicious Prosecution[3] (Count VI), and Defamation (Count VII). A true and correct copy of the summons and complaint and all other pleadings in the Circuit Court of Mobile County, Alabama are attached hereto as Exhibit A.

---

[1] Plaintiff's Complaint names "Mobile County Commission(ers) in its (their) official capacity" as Defendants. Mobile County Commission and its Commissioner are not subject to suit in their official capacities, because they assume the identity of the government that employs them. The parties are collectively referred to as "County of Mobile." *See Hafer v. Melo*, 502 U.S. 21, 21 (1991).

[2] Plaintiff's Complaint names "Mobile County License Commissioner in his official capacity" as a Defendant. Mobile County License Commissioner is not subject to suit in his official capacity for the same stated reason in Footnote 1. The parties are collectively referred to as "Mobile County License Commission."

[3] The malicious prosecution claim does not allege whether the claim is brought under federal or state law.

## II.    Federal Question Jurisdiction

4.    "A civil action filed in a state court may be removed to federal court if the claim is one 'arising under' federal law." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). Thus, a case is removable if the complaint affirmatively alleges a federal claim. *Id.*

5.    Removal is proper pursuant to 28 U.S.C. § 1331 and 1441(c), because Plaintiff asserts claims that arise under 42 U.S.C. § 1983 and the United States Constitution. *See Ware v. Fleetboston Financial Corp.*, 180 F. App'x. 59, 61 (11th Cir. 2006) (noting that 28 U.S.C. § 1441(a) permits a defendant to remove any civil action brought in a state court of which the district courts of the United States have original jurisdiction and that "[t]he right of removal is statutory...."); *Jairaith v. Dyer,* 154 F.3d 1289, 1282 (11th Cir. 1998)("federal question jurisdiction may be based on a civil action alleging a violation of the Constitution"); *Washington v. Kirksey*, 811 F.2d 561, 563 (11th Cir.1987) ( "When a claim is based upon a constitutional provision, federal subject matter jurisdiction has been established provided the alleged claim is not wholly frivolous."); *Gibson v. Firestone*, 741 F.2d 1268, 1271 (11th Cir.1984) (plaintiffs' allegations of deprivation of "their fourteenth amendment rights to due process and equal protection ... are adequate to invoke federal subject matter jurisdiction").

6.    Since Plaintiff seeks relief for constitutional violations under the Fourth Amendment and 42 U.S.C. § 1983, for false arrest and excessive force. This Court has original jurisdiction of these claims. *See* 28 U.S.C. § 1331 (federal district courts have "original jurisdiction of all civil actions arising under the Constitution, law, or treatises of the United States."); *see also Northfield, LLC v. Utilities Bd. of City of Bayou La Batre, Ala.,*No. 09-0575-WS-M, 2009 WL 3784338, *1 (S.D. Ala. Nov. 9, 2009) ("[P]laintiff is asserting claims against defendants 'arising

under the Constitution, law, or treatises of the United States . . . This fact gives rise to federal question jurisdiction, as a matter of fundamental, black letter law.")

7.      Plaintiff also seeks relief under the common law of the State of Alabama against Defendants. Because the claims arise out of the same general event or transaction, Plaintiff being confronted and arrested at the Mobile County license office, this Court has supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367; *see also, Northfield, LLC*, 2009 WL 3784338, *2.

### III.    Timeliness and Technical Requirements of Removal

8.      This case is a civil action within the meaning of the Acts of Congress relating to the removal of causes.

9.      The Defendants have not previously removed this action, and have heretofore sought no similar relief.

10.     The United States District Court for the Southern District of Alabama, Southern Division, is the federal judicial district and division embracing the Circuit Court of Mobile County, Alabama, where this suit was originally filed. Removal to this District Court and Division is therefore proper pursuant to 28 U.S.C. § 81(a)(3) and § 1441(a).

11.     The Circuit Court's file reflects that the Defendant Thaddeus Hoyt, Jr. was served with the summons and complaint on May 1, 2023, and the City of Mobile was served with the summons and complaint on May 4, 2023. Thus, this removal is timely under 28 U.S.C. § 1446(b) in that removal is sought within 30 days from the date of services of the summons.

12.     Defendants County of Mobile, Mobile County License Commission, Community Security Services, LLC[4], and Simeon Johnson each consent to removal of this action. Notices of Consent are attached as Exhibit B.

13.     Written notice of the filing of this Notice of Removal will be served on all parties in this case, and a copy has been concurrently filed with the Clerk of the Circuit Court of Mobile County, Alabama, as directed by 28 U.S.C. § 1446(d), along with a Notice of Filing Notice of Removal.

14.     The proper filing fee has been tendered to the Clerk of the United States District Court for the Southern District of Alabama, Southern Division.

15.     The Defendants reserve the right to supplement this notice of removal by adding any jurisdictional defenses that may independently support a basis for removal.

## IV.    Relief Requested

WHEREFORE, Defendants desiring to remove this case to the United States District Court for the Southern District of Alabama, Southern Division, being the said district of said Court for the County in which the action is pending, pray that this Court will make any and all orders necessary to effect the removal of this cause, and to effect and prepare in this Court the true record of all proceedings that may have been had in the Circuit Court of Mobile, Alabama.

Respectfully submitted,

*/s/ Taylor Barr Johnson*
TAYLOR BARR JOHNSON (ASB-8851-Y78B)
L. ROBERT SHREVE        (ASB-3179-S81S)
*Attorneys for Defendants City of Mobile and*
*Thaddeus Hoyt, Jr.*

---

[4] Community Services, Inc. has not been served with this action and removal remains proper pursuant to 28 U.S.C. §§ 1441, - 1448. *Johnson v. Wellborn*, 418 F. App'x 809, 815 (11th Cir. 2011)( The requirement that there be unanimity of consent in removal cases with multiple defendants does not require consent of defendants who have not been properly served); *see also, GMFS, L.L.C. v. Bounds*, 275 F. Supp. 2d 1350, 1354 (S.D. Ala. 2003).

Case 1:23-cv-00196-KD-N   Doc# 1   Filed 05/26/23   Page 6 of 6   PageID# 6

**OF COUNSEL:**
**BURR & FORMAN LLP**
11 North Water Street, Suite 22200
Mobile, Alabama  36602
Tel:    251-344-5151
Fax:    251-344-9696
Email: tjohnson@burr.com
         rshreve@burr.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document via CM/ECF and/or via U.S. First Class Mail, hand delivery, fax or email on this the 26th day of May, 2023, as follows:

S. Joshua Briskman
Briskman & Binion PC
P.O. Box 43
Mobile, AL 36601
jbriskman@briskman-binion.com
*Attorney for Plaintiff*

Jay M. Ross
Garrett Zoghby
Adams and Reese LLP
11 N. Water Street, Suite 23200
Mobile, AL 36602
jay.ross@arlaw.com
Garrett.zoghby@arlaw.com
*Attorneys for Mobile County Defendants*

Franklin P. Brannen, Jr. (ASB-5383-R79B)
Cecilia A. Walker (pro hac vice application to be submitted)
Lewis Brisbois Bisgaard & Smith LLP
600 Peachtree Street NE, Suite 4700
Atlanta, Georgia 30308
Frank.brannen@lewisbrisbois.com
Cecilia.walker@lewisbrisbois.com
*Attorneys for Defendants Community Security*
*Services, LLC, and Simeon Johnson*

                                        */s/ Taylor Barr Johnson*
                                        OF COUNSEL