IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ILYAS AHMED SHAIKH,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Civil Action No. 23-000196-KD-N |
| **COUNTY OF MOBILE,** *et al.***,** ) | |
| ) | |
| Defendants. ) | |

## ORDER

This action is before the Court on the unopposed Motion to Stay the Briefing Schedule Pending Discovery filed by Plaintiff Ilyas Ahmed Shaikh (doc. 33). Shaikh moves the Court to stay the briefing schedule (docs. 25, 31) for the pending Motion to Dismiss filed by Mobile County, Alabama by and through the Mobile County Commission and Mobile County License Commissioner Nick Matranga, in his official capacity (the County Defendants) (doc. 24). Upon consideration, and for reasons set forth herein, the Motion to Stay is **DENIED**. Accordingly, Plaintiff Shaikh shall **respond** to the Motion to Dismiss on or before **October 12, 2023,** and the County Defendants shall **reply** on or before **October 19, 2023**.

The County Defendants filed their initial motion to dismiss and raised the following grounds for dismissal:

    1. Plaintiff's Complaint is an impermissible shotgun pleading.

    2. Plaintiff's State law claims against the County Defendants are barred due to Plaintiff's failure to file a Notice of Claim with the Mobile County Commission within 12 months after the date his claims against the County Defendants accrued.

    3. To the extent Plaintiff seeks to recover money damages directly from the License Commissioner, such claims would be barred by state immunity.

> 4. Plaintiff's federal claims against the County Defendants, if any, are barred because respondeat superior liability does not exist for § 1983 claims and Plaintiff does not allege that any unconstitutional acts occurred as a result of an official policy or custom of the County Defendants.

(Doc. 3, p. 2). Shaikh was given leave to amend his complaint once as a matter of course (doc. 15). He filed his Amended Complaint and the motion to dismiss became moot (docs. 16, 17).

The County Defendants moved again to dismiss Shaikh's Amended Complaint and raised the same grounds for dismissal (Doc. 24). Specifically, as follows:

> 1) Shaikh's state law claims are barred due to his failure to timely file a Notice of Claim with the Mobile County Commission.
>
> 2) Claims for money damages against License Commissioner Matranga are barred by state immunity.
>
> 3) Shaikh's "federal claims against the County Defendants, if any, are barred because respondeat superior liability does not exist for § 1983 claims and [Shaikh] does not allege that any unconstitutional acts occurred as a result of an official policy or custom of the County Defendants."
>
> 4) Shaikh's Amended Complaint "failed to cure his impermissible shotgun pleading deficiencies."

(Doc. 24).

The Magistrate Judge set a response deadline. Shaikh twice moved for an extension of time to respond, and his motions were granted (docs. 25, 29, 32). In the last order, the Magistrate Judge stated: "No further extension of this deadline will be granted absent a detailed showing of extraordinary circumstances." (doc. 32).

Now, Shaikh moves the Court to again extend the deadline for his response on grounds that he needs certain discovery in order to respond. At this procedural posture, to obtain relief, Shaikh must show extraordinary circumstances. In that regard, he appears to assert that the need

2

for discovery before responding to the Motion to Dismiss constitutes an extraordinary circumstance. The Court disagrees.

In his Motion to Stay, Shaikh argues as follows:

> Specifically, issues regarding the County Defendants' hiring and retention of Defendants Community Security Services, LLC ("CSSS") and Simeon Johnson are unknown at this time given the inability of Plaintiff to conduct discovery at this stage. Although it is clearly alleged in Plaintiff's Amended Complaint that the retention of CSS and Johnson gave rise to Plaintiff's injuries and damages as they were at least negligent, if not wanton, in the alleged incompetency of those referenced defendants, the production of documents such as Defendant Johnson's personnel file, agreements or contracts between the County Defendants and CSS, as well as documents relating to other incidents is required by Plaintiff to respond fully to the Motion to Dismiss. Further, County policies are not yet available to the Plaintiff. Simply put, the Plaintiff is in need of this discovery in order to firmly flesh out the claims against these Defendants beyond what is stated in the Complaint.

(Doc. 33).

Part of Shaikh's argument – that "County policies are not yet available" - appears to be in response to the County Defendants' argument that his "federal claims against the County Defendants, if any,[1] are barred because respondeat superior liability does not exist for § 1983 claims and [Shaikh] does not allege that any unconstitutional acts occurred as a result of an official policy or custom of the County Defendants." (Doc. 24). In other words, he now moves the Court to stay his response to the Motion to Dismiss so that he may discover any "County policies" which may be relevant to his federal claims in Count II and III.

However, when Shaikh was given an opportunity to amend his complaint, he failed to so much as allege the existence of the County Defendants' official or unofficial policy or custom which resulted in his injuries (Doc. 16). This lack of pleading is reflected in the County

---

[1] Count II for "False Arrest/Detention § 1983" and Count III for "Excessive Force § 1983."

3

Defendants reference to the "federal claims against the County Defendants, *if any*" and their statement that "Although Plaintiff's Amended Complaint does not explicitly state a claim for relief against the County Defendants for liability under 42 U.S. Code § 1983 (hereafter referred to as the "§ 1983 claims), to the extent that Plaintiff's Amended Complaint *can be construed* to apply such claims for relief against the County Defendants, the same are due to be dismissed." (emphasis added) (Doc. 24, p. 2, 14). "Vague, general, or conclusory allegations—or in this case, nonexistent allegations—are insufficient to merit relief under 42 U.S.C. § 1983. ... Even under the notice pleading standard, the complaint must state a cause of action sufficient to affirmatively show the plaintiff is entitled to relief." Simmons v. Bolling, No. 217CV01899AKKSGC, 2019 WL 407862, at *5 (N.D. Ala. Jan. 8, 2019), *report and recommendation adopted*, No. 217CV01899AKKSGC, 2019 WL 398783 (N.D. Ala. Jan. 31, 2019) (internal citation omitted). The Court will not stay the response to the Motion to Dismiss and allow discovery when Shaikh has not even so much as alleged the existence of "County policies" or specifically named the County Defendants as defendants in the Section 1983 claims in Count II and III.[2]  If his Amended Complaint survives the Motion to Dismiss, Shaikh will have an opportunity to obtain discovery and move for leave to amend his Amended Complaint should discovery reveal an official or unofficial policy or custom that resulted in his alleged injuries.

---

[2] In Count II, Shaikh specifically names "Defendants Johnson and City of Mobile agents, MPD officers (Defendant Hoyt and those unknown" and in Count III he names "Defendants Johnson and agents of the City of Mobile (Defendant Hoyt)" as the persons whose conduct gave rise to his Section 1983 claims.   In the prayer for relief, Shaikh's use of the phrase "render judgment against *Defendants*, Johnson, City of Mobile, Hoyt and Fictitious Defendants" implicates the County Defendants as swept in with the others. (Italics added).

The remaining discovery Shaikh seeks is related to his state law tort claim[3] against the County Defendants for "Negligent Wanton Hiring/Retention" (Count IV) (Doc. 16). He argues that "issues regarding the County Defendants' hiring and retention of Defendants Community Security Services, LLC ("CSSS") and Simeon Johnson are unknown at this time given the inability of Plaintiff to conduct discovery at this stage." (Doc. 33).  He also argues that he has "clearly alleged" his claim that "the retention of CSS and Johnson gave rise to Plaintiff's injuries and damages" and the County Defendants were "at least negligent, if not wanton[.]" (Id.)  He seeks production of three sets of documents: Johnson's personnel file; agreements or contracts between the County Defendants and CSS; and "documents relating to other incidents" and argues that these documents are required "to respond fully to the Motion to Dismiss." (Id.). However, the County Defendants' move to dismiss the state law claims on grounds that they are barred because of Shaikh's "failure to file a Notice of Claim with the Mobile County Commission within 12 months after the date his claims against the County Defendants accrued." (Doc. 24).[4]  Shaikh's response to this argument would not require production of the above listed documents.

As to the License Commissioner, the County Defendants argue that if Shaikh seeks "money damages directly from the License Commissioner, such claims would be barred by state immunity." (Doc. 24).  The County Defendants argue that "[e]ven if the claims against the

---

[3] See Hall v. United States, 2021 WL 631930, at *1 (N.D. Ala. Feb. 18, 2021), *appeal dismissed*, 2022 WL 1564959 (11th Cir. Jan. 7, 2022) ("'In order to establish a claim against an employer for negligent supervision, training, and/or retention' under Alabama law, 'the plaintiff must establish that the allegedly incompetent employee committed a common-law, Alabama tort.'"). Shaikh alleges that Johnson committed the common law torts of assault (Count I), malicious prosecution (Count VI), and false arrest/detention (Count VIII).

[4] The parties take different positions as to when the notice period pursuant to Ala. Code § 11-12-8 and § 11-47-23 began to run.  Shaikh alleges that his Notice of Claims was filed within six

License Commissioner were not subject to the nonclaim statute requirements..., they would be barred by state immunity." (Doc. 24, p. 9).  They argue that the License Commissioner is immune from Shaikh's claim of negligence and wantonness in hiring, retention and contracting with Defendants CSS and Johnson; and therefore, this Court lacks jurisdiction.  Inquiry as to whether an official is an arm of the state is a question of law.  United States v. Fla. Birth-Related Neurological Inj. Comp. Ass'n, No. 20-13448, 2022 WL 1180142, at *3 (11th Cir. Apr. 21, 2022) ("Whether an entity constitutes an arm of the state under the Eleventh Amendment immunity analysis is a question of law subject to de novo review.")   "In the Eleventh Circuit, to determine whether an entity is an arm of the state, we use the *Manders* factors. *See Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003). Those factors include the following: (1) how state law defines the entity; (2) what degree of control the State maintains over the entity; (3) where the entity derives its funds; and (4) who is responsible for judgments against the entity." 2022 WL 1180142, at *3 (citation omitted). Again, Shaikh's response to this argument would not require production of the above listed documents.

Last, the County Defendants move to dismiss on grounds that the Amended Complaint "failed to cure" Shaikh's "impermissible shotgun pleading deficiencies." (Doc. 24). Again, Shaikh's response to this argument would not require production of the above listed documents.

**DONE** and **ORDERED** this 4th day of October 2023.

s / Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE

---

months of the date of dismissal of the criminal charges. The County Defendants argue that the time began to run the day of the incident.