# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ILYAS AHMED SHAIKH,            )<br>    Plaintiff,            )<br>                                )<br>v.                              )<br>                                )<br>COUNTY OF MOBILE/MOBILE         )<br>COUNTY COMMISSION(ERS), *et al.*, )<br>    Defendants.            ) | CIVIL ACTION NO. 1:23-00196-KD-N |

## REPORT AND RECOMMENDATION

This civil action is before the Court on the motion to dismiss the first amended complaint (Doc. 16) under Federal Rule of Civil Procedure 12(b)(6) ("failure to state a claim upon which relief can be granted") filed July 26, 2023 (Doc. 23), by Defendants the City of Mobile and Thaddeus Hoyt, Jr., sued individually and in his official capacity as a City of Mobile police officer.[1] The assigned District Judge has referred said motion to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (7/26/2023 electronic reference notation).

Plaintiff Ilyas Ahmed Shaikh filed a brief in response to the motion (Doc. 32). Though given the opportunity (*see* Doc. 34), the City and Officer Hoyt did not file a brief in reply to the response. The motion to dismiss is now under submission and ripe for disposition.

---

[1] Since the filing of the present motion, the Plaintiff has voluntarily dismissed his claims against all other Defendants in this action. (*See* Docs. 35, 36, 37, 39).

## I.     Legal Standards

In deciding a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, generally "the 'scope of the review must be limited to the four corners of the complaint.'" *Speaker v. U.S. Dep't of Health & Hum. Servs. Centers for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010) (quoting *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002)). The Court must "accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Duty Free Ams., Inc. v. Estee Lauder Companies, Inc.*, 797 F.3d 1248, 1262 (11th Cir. 2015). "Generally, the existence of an affirmative defense will not support a motion to dismiss. Nevertheless, a complaint may be dismissed under Rule 12(b)(6) when its own allegations indicate the existence of an affirmative defense, so long as the defense clearly appears on the face of the complaint." *Quiller v. Barclays Am./Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984), *on reh'g*, 764 F.2d 1400 (11th Cir. 1985) (en banc) (per curiam) (affirming and reinstating the panel opinion).

## II.     Analysis

### a. Well-Pleaded Facts & the Claims Against the Movants

On or about April 29, 2021, Shaikh went to the Main Office of the Mobile County License Commission located on Michael Boulevard in Mobile, Alabama. (Doc. 16 ¶ 9, PageID.185). Upon arriving, Shaikh was confronted by a security guard, and a conversation and disagreement arose among the two and an unidentified employee regarding the taking of a numbered service ticket. (*Id.* ¶¶ 10-11, PageID.185-186).

Shaikh was never threatening or rude in speaking with the guard. (*Id.* ¶ 11, PageID.186). Nevertheless, at some point the guard became frustrated with Shaikh and physically removed him from the premises. (*Id.*). Shaikh was subsequently arrested by Officer Hoyt for harassment, though the charge was ultimately dismissed/*nolle prossed* by the City on October 3, 2022. (*Id.* ¶¶ 13-14).²

Based on these allegations, Shaikh asserts various claims against the City and Officer Hoyt under both 42 U.S.C. § 1983 and state law.

### b. Plaintiff's Post-Motion Dismissal of Claims

In his response brief, Shaikh states that he "hereby voluntarily dismisses his claims against Defendant City of Mobile…as made in Counts III-VII of his Amended Complaint (Doc. 16)." (Doc. 32, PageID.290). He also states that he "hereby voluntarily dismisses all claims against Defendant Thaddeus Hoyt, Jr…*except* for the claims of False Arrest/Detention § 1983 (Count II) and False Arrest/Detention State Law (Count VIII)[,]" and clarifies that those claims are "brought against Ofc. Hoyt in his individual capacity." (*Id.*, PageID.290-291).

Federal Rule of Civil Procedure 41(a)(1) generally permits a plaintiff to "dismiss an action without a court order by filing…a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment…" Fed. R. Civ. P. 41(a)(1)(A)(i). Such "dismissal is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is required." *Matthews v. Gaither*, 902 F.2d 877, 880 (11th Cir. 1990) (per curiam). That a plaintiff's filing is not expressly labeled a "notice of dismissal" does not prevent it from being treated as

---

² Shaikh alleges that the confrontation between him and the security guard was "seen clearly on video surveillance footage." (Doc. 16 ¶ 12, PageID.186). In his response to the present motion, Shaikh asserts that Officer Hoyt never reviewed the surveillance footage before arresting him.

such, so long as the plaintiff's desire to dismiss is apparent and the conditions of Rule 41(a)(1)(A)(i) are satisfied. *See id.* ("The fact that a notice of dismissal is styled 'motion to dismiss' rather than 'notice of dismissal' is without consequence.").

In multidefendant cases, "Rule 41 allows a plaintiff to dismiss all of his claims against a particular defendant[,]" *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004); *accord Amerisure Ins. Co. v. Auchter Co.*, 94 F.4th 1307, 1311 n.5 (11th Cir. 2024), and permits dismissal by notice "against such of the defendants as have not served an answer or motion for summary judgment, despite the fact that the case might remain pending against other defendants" who have. *Plains Growers By & Through Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 255 (5th Cir. 1973).[3] However, Rule 41 "does not permit plaintiffs to pick and choose, dismissing only particular claims within an action. A plaintiff wishing to eliminate particular claims or issues from the action should amend the complaint under Rule 15(a) rather than dismiss under Rule 41(a)." *Klay*, 376 F.3d at 1106 (quotation omitted). *Accord Perry v. Schumacher Grp. of La.*, 891 F.3d 954, 958 (11th Cir. 2018) ("There is no mention in…Rule [41] of the option to stipulate dismissal of a portion of a plaintiff's lawsuit—e.g., a particular claim—while leaving a different part of the lawsuit pending before the trial court…There are multiple ways to dismiss a single claim without dismissing an entire action. The easiest and most obvious is to seek

---

[3] On "October 1, 1981 pursuant to the Fifth Circuit Court of Appeals Reorganization Act of 1980, P.L. 96-452, 94 Stat. 1995, … the United States Court of Appeals for the Fifth Circuit was divided into two circuits, the Eleventh and the 'new Fifth.' " *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc). "The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981." *Smith v. Shook*, 237 F.3d 1322, 1325 n.1 (11th Cir. 2001) (per curiam).

and obtain leave to amend the complaint to eliminate the remaining claim, pursuant to Rule 15.").

While certain other defendants served answers (Docs. 6, 26, 27) prior to Shaikh's filing his response brief, the City never served an answer or a motion for summary judgment directed at either Shaikh's initial or amended complaint. Accordingly, the undersigned will recommend that Shaikh's response brief (Doc. 32) be treated as a Rule 41(a)(1)(A)(i) notice of voluntary dismissal of all claims against the City, effective upon its filing. Accordingly, the present motion to dismiss is due to be found **MOOT** as to the claims against the City.

However, because Shaikh's response proposes to dismiss fewer than all claims against Officer Hoyt, those claims cannot be dismissed under Rule 41(a). The undersigned will proceed to address the claims that Shaikh still wishes to pursue against Officer Hoyt before addressing the claims he no longer does.

### c. Count II—False Arrest/Detention under § 1983

Count II of the amended complaint alleges a § 1983 claim for false arrest/detention against Officer Hoyt, asserting that he detained and arrested Shaikh "without even arguable probable cause as a result of the verbal exchange between him and [the security guard]." (Doc. 16 ¶ 26, PageID.188). In the present motion, Officer Hoyt argues that he is entitled to qualified immunity on this claim.

> Qualified immunity protects police officers from suit in their individual capacities for discretionary actions performed in the course of their duties. *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 815, 172 L. Ed. 2d 565 (2009); *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738, 73 L. Ed. 2d 396 (1982). It serves the purpose of allowing "government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation." *Durruthy v. Pastor*, 351 F.3d 1080, 1087 (11th Cir. 2003) (citation omitted). Under qualified

> immunity, "all but the plainly incompetent or one who is knowingly violating the federal law" are shielded from litigation. *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002). Qualified immunity "does not offer protection if an official knew or reasonably should have known that the action he took within his sphere of official responsibility would violate the constitutional rights of the [plaintiff]." *Holmes v. Kucynda*, 321 F.3d 1069, 1077 (11th Cir. 2003) (quoting *Harlow*, 457 U.S. at 815, 102 S. Ct. at 2737 (internal quotation marks omitted) (alteration provided by Holmes )).

*Carter v. Butts Cnty., Ga.*, 821 F.3d 1310, 1318–19 (11th Cir. 2016).[4]

"To invoke qualified immunity, a public official must first demonstrate that he was acting within the scope of his or her discretionary authority." *Hinson v. Bias*, 927 F.3d 1103, 1116 (11th Cir. 2019). *Accord, e.g.*, *Piazza v. Jefferson Cnty., Alabama*, 923 F.3d 947, 951 (11th Cir. 2019) ("An officer asserting a qualified-immunity defense bears the initial burden of showing that he was 'acting within his discretionary authority.' " (quoting *Skop v. City of Atlanta*, 485 F.3d 1130, 1136 (11th Cir. 2007)); *Faile v. City of Leesburg, FL*, No. 23-11465, 2024 WL 2148637, at *3 (11th Cir. May 14, 2024) (per curiam) (unpublished) ("A defendant who asserts qualified immunity has the initial burden of showing he was acting within the scope of his discretionary authority when he took the allegedly unconstitutional action.") (reviewing denial of Rule 12(b)(6) motion to dismiss based on qualified immunity). "The term 'discretionary authority' covers 'all actions of a governmental official that (1) were

---

[4] "While the defense of qualified immunity is typically addressed at the summary judgment stage of a case, it may be, as it [is here], raised and considered on a motion to dismiss." *St. George*, 285 F.3d at 1337. However, even when considering a qualified immunity defense, the court must still look only to the "four corners of the complaint," must accept the factual allegations therein as true, and must draw all reasonable inferences in the plaintiff's favor. *Id.*

undertaken pursuant to the performance of his duties, and (2) were within the scope of his authority.' " *Hinson*, 927 F.3d at 1116 (quoting *Jordan v. Doe*, 38 F.3d 1559, 1566 (11th Cir. 1994) (internal quotation marks omitted)).

> Instead of focusing on whether the acts in question involved the exercise of actual discretion, we assess whether they are of a type that fell within the employee's job responsibilities. Our inquiry is two-fold. We ask whether the government employee was (a) performing a legitimate job-related function (that is, pursuing a job-related goal), (b) through means that were within his power to utilize.

*Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1265 (11th Cir. 2004).

"In applying each prong of this test, we look to the general nature of the defendant's action, temporarily putting aside the fact that it may have been committed for an unconstitutional purpose, in an unconstitutional manner, to an unconstitutional extent, or under constitutionally inappropriate circumstances." *Id.* at 1266. "[T]o pass the first step of the discretionary function test for qualified immunity, the defendant must have been performing a function that, *but for* the alleged constitutional infirmity, would have fallen with his legitimate job description." *Id.* At the first step, "we consider a government official's actions at the minimum level of generality necessary to remove the constitutional taint." *Id.* "In considering whether an act of allegedly excessive force fell within a police officer's duties, for example, we do not ask whether police have the right to use *excessive* force. We also do not immediately jump to a high level of generality and ask whether police are responsible for enforcing the law or promoting the public interest. We instead ask whether they have the power to attempt to effectuate arrests." *Id. See also id.* ("[I]n assessing whether a police officer may assert qualified immunity against a Fourth

Amendment claim, we do not ask whether he has the right to engage in *unconstitutional* searches and seizures, but whether engaging in searches and seizures *in general* is a part of his job-related powers and responsibilities.").

"After determining that an official is engaged in a legitimate job-related function, it is then necessary to turn to the second prong of the test and determine whether he is executing that job-related function—that is, pursuing his job-related goals—in an authorized manner. The primary purpose of the qualified immunity doctrine is to allow government employees to enjoy a degree of protection only when exercising powers that legitimately form a part of their jobs. Each government employee is given only a certain 'arsenal' of powers with which to accomplish her goals… Employment by a local, county, state, or federal government is not a *carte blanche* invitation to push the envelope and tackle matters far beyond one's job description or achieve one's official goals through unauthorized means. Pursuing a job-related goal through means that fall outside the range of discretion that comes with an employee's job is not protected by qualified immunity." *Id.* at 1266–67 (citation omitted).

In claiming that he was acting within the scope of his discretionary authority, Officer Hoyt asserts only that "Plaintiff's Complaint makes clear that Officer Hoyt was acting in his capacity as a police officer employed by the Mobile Police Department when he arrested Plaintiff." (Doc. 23, PageID.214). [5] Even if true,

---

[5] In support of this assertion, Officer Hoyt cites to two cases, *Wood v. Kessler*, 323 F. 3d 872 (11th Cir. 2003), and *Rachel v. City of Mobile*, 112 F. Supp. 3d 1263 (S.D. Ala. 2015) (Steele, J.). While in both of those cases the court found that the defendant law

however, that assertion only addresses the first prong of the discretionary-authority analysis. And in his response, Shaikh argues that Officer Hoyt did not perform the arrest "in an authorized manner."

Alabama Code § 15-10-1 states that "[a]n arrest may be made, under a warrant or without a warrant, … by any … policeman of any incorporated city or town within the limits of the county." Alabama Code § 15-10-3(a) sets out the "following instances when "[a]n officer may arrest a person without a warrant[,]" as Officer Hoyt is alleged to have done with Shaikh:

> (1) If a public offense has been committed or a breach of the peace threatened in the presence of the officer.
>
> (2) When a felony has been committed, though not in the presence of the officer, by the person arrested.
>
> (3) When a felony has been committed and the officer has probable cause to believe that the person arrested committed the felony.
>
> (4) When the officer has probable cause to believe that the person arrested has committed a felony, although it may afterwards appear that a felony had not in fact been committed.
>
> (5) When a charge has been made, upon probable cause, that the person arrested has committed a felony.
>
> (6) When the officer has actual knowledge that a warrant for the person's arrest for the commission of a felony or misdemeanor has been issued, provided the warrant was issued in accordance with this chapter. However, upon request the officer shall show the warrant to the arrested person as soon as possible. If the officer does not have the warrant in his or her possession at the time of arrest the officer shall inform the

---

enforcement officers were acting within the scope of their discretionary authority when making the challenged arrests, in neither case did the plaintiff appear to materially dispute that issue. Thus, neither case engaged in a rigorous application of the two-prong test for discretionary authority set out in *Holloman*.

defendant of the offense charged and of the fact that a warrant has been issued.

(7) When the officer has probable cause to believe that a felony or misdemeanor has been committed by the person arrested in violation of a protection order, including a domestic violence protection order or an elder abuse protection order, issued by a court of competent jurisdiction.

(8) When an offense involves a crime of domestic violence, including domestic violence in the first degree, pursuant to Section 13A-6-130, domestic violence in the second degree, pursuant to Section 13A-6-131, domestic violence in the third degree, pursuant to Section 13A-6-132, interference with a domestic violence emergency call, in violation of Section 13A-6-137, or domestic violence by strangulation or suffocation, pursuant to Section 13A-6-138, or elder abuse as defined in Section 38-9F-3, and the arrest is based on probable cause.

Shaikh argues that Officer Hoyt was not permitted to arrest him without a warrant under any of the above scenarios. Certainly nothing in the first amended complaint suggests that a warrantless arrest was permitted under §§ 15-10-3(a)(6) through (8). Viewed in the light most favorable to Shaikh, the first amended complaint's allegations also do not indicate that any criminal conduct by Shaikh occurred in Officer Hoyt's presence, thus also making § 15-10-3(a)(1) inapplicable. As for §§ 15-10-3(a)(2) through (5)—all of which require the commission of a felony, or at least the belief that a felony has been committed—Shaikh argues that they are also inapplicable because he was only arrested for, and ultimately only charged with, harassment in violation of Alabama Code § 13A-11-8, a misdemeanor. *See Telfare v. City of Huntsville*, 841 So. 2d 1222, 1229 (Ala. 2002) ("Generally, Alabama's Rules of Criminal Procedure and [§ 15-10-3(a)] do not allow law-enforcement officers the

discretion to arrest alleged wrongdoers for misdemeanors not committed in the presence of the arresting officer.").[6]

Considering the foregoing, Shaikh has persuasively shown that Officer Hoyt did not act "in an authorized manner" when he arrested Shaikh, and Officer Hoyt has not attempted to rebut those arguments in a reply. Thus, the undersigned finds that, at this stage of the case, Hoyt has failed to meet his burden of show that he was acting within the scope of his discretionary authority during the events underlying Shaikh's § 1983 claim, and is thus not entitled to Rule 12(b)(6) dismissal of that claim based on qualified immunity.[7]

### d. Count VIII—False Arrest/Detention under State Law

Count VIII of the amended complaint alleges a state-law claim for false arrest/detention against Officer Hoyt, based on the same facts and circumstances as his § 1983 claim. (*Compare supra* with Doc. 16 ¶ 51, PageID.193). Officer Hoyt argues

---

[6] Under § 15-10-3(a)(4), a warrantless arrest can be made "[w]hen the officer has probable cause to believe that the person arrested has committed a felony, although it may afterwards appear that a felony had not in fact been committed." Thus, the mere fact that Shaikh was not ultimately charged with a felony would not render his warrantless arrest infirm so long as Officer Hoyt had probable cause to believe that Shaikh had committed a felony. However, the amended complaint clearly alleges that Officer Hoyt also only "arrested" Shaikh "for harassment." At this stage of the case, the Court must accept that allegation as true and construe it in the light most favorable to Shaikh, meaning that for present purposes the Court must accept as true that Officer Hoyt only had probable cause at the time of the arrest to believe that Shaikh had committed a misdemeanor at most.

[7] In light of this finding, the undersigned declines to address Shaikh's alternative argument that the arrest clearly violated his rights under the First Amendment to the United States Constitution.

that this claim should be dismissed because he is due immunity under Alabama Code § 6-5-338(a), which provides as follows:

> Every peace officer and tactical medic, except constables, who is employed or appointed pursuant to the Constitution or statutes of this state, whether appointed or employed as a peace officer or tactical medic by the state or a county or municipality thereof, or by an agency or institution, corporate or otherwise, created pursuant to the Constitution or laws of this state and authorized by the Constitution or laws to appoint or employ police officers or other peace officers or tactical medics, and whose duties prescribed by law, or by the lawful terms of their employment or appointment, include the enforcement of, or the investigation and reporting of violations of, the criminal laws of this state, and who is empowered by the laws of this state to execute warrants, to arrest and to take into custody persons who violate, or who are lawfully charged by warrant, indictment, or other lawful process, with violations of, the criminal laws of this state, shall at all times be deemed to be officers of this state, and as such shall have immunity from tort liability arising out of his or her conduct in performance of any discretionary function within the line and scope of his or her law enforcement duties.

"[T]he restatement of state-agent immunity that the Alabama Supreme Court set forth in *Ex parte Cranman*, 792 So. 2d 392 (Ala. 2000), governs whether [peace] officers are entitled to immunity under § 6-5-338(a)." *King v. Pridmore*, 961 F.3d 1135, 1147 (11th Cir. 2020) (citing *Hunter v. Leeds, City of*, 941 F.3d 1265, 1283 (11th Cir. 2019)).

> The test laid out in *Cranman*, subsequently modified by *Hollis v. City of Brighton*, 950 So. 2d 300 (Ala. 2006), provides in relevant part as follows:
>
> > A State agent shall be immune from civil liability in his or her personal capacity when the conduct made the basis of the claim against the agent is based upon the agent's ...exercising judgment in the enforcement of the criminal laws of the State, including, but not limited to, law-enforcement officers' arresting

> or attempting to arrest persons, or serving as peace officers under circumstances entitling such officers to immunity pursuant to § 6-5-338(a).
>
> *Hunter,* 941 F.3d at 1283 (quoting *Ex parte City of Homewood*, 231 So. 3d 1082, 1087 (Ala. 2017) (quotation marks and citations omitted)). In other words, law enforcement officers are generally immune from tort liability for conduct that falls within the scope of their discretionary law enforcement duties. *Id.* (citing *Brown v. City of Huntsville, Ala.*, 608 F.3d 724, 741 (11th Cir. 2010)). However, there are exceptions to this general rule. Specifically, "a state agent is not entitled to state-agent immunity if (1) the U.S. Constitution, federal law, the state Constitution, or state laws, rules, or regulations enacted or promulgated for the purpose of regulating the activities of a governmental agency, require otherwise; or (2) the agent acts 'willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law.' " *Id.* (citations omitted).
>
> The test for discretionary function…immunity follows the same burden-shifting analysis as the test for federal qualified immunity. *Hunter*, 941 F.3d at 1283. First, the officer asserting immunity has the burden to show that the plaintiff's claims arise from a function that would entitle the officer to immunity. *Id.* (citations omitted). The burden then shifts to the plaintiff to show that one of the two aforementioned exceptions applies. *Id.*

*Id. Accord, e.g.*, *Ex parte City of Homewood*, 231 So. 3d 1082, 1087 (Ala. 2017) ("[F]or [the defendant police officers] to demonstrate that they are entitled to immunity from [the plaintiff]'s claims against them in their official and individual capacities, they must establish (1) that they were peace officers (2) performing law-enforcement duties at the time of the accident and (3) exercising judgment and discretion. If they can do so, the burden then shifts to [the plaintiff] to show that one of the Cranman exceptions applies. If [the plaintiff] does not satisfy this burden, then the officers are entitled to immunity.")

"The Alabama Supreme Court has recognized that making arrests…generally constitutes a discretionary function…" *Lambert v. Herrington*, No. 21-10452, 2022 WL 2345769, at *8 (11th Cir. June 29, 2022) (per curiam) (unpublished) (citing *Telfare*, 841 So. 2d at 1228). Shaikh has argued that Officer Hoyt is not entitled to discretionary-function immunity because an "arrest without even arguable probable cause gives rise to an inference of malice." (Doc. 32, PageID.300 (citing Alabama Tort Law, 6th Ed., § 27.1(2) at 1837-1838 ("The element of malice may be inferred from the lack of probable cause. In fact, a rebuttable factual presumption of malice will rise from a lack of probable cause."))).[8] Shaikh is correct that the "arguable probable cause" standard is used in determining whether Alabama discretionary immunity applies for false-arrest claims. *See Ex parte Harris*, 216 So. 3d 1201, 1213 (Ala. 2016) ('In *Borders v. City of Huntsville*, 875 So.2d 1168 (Ala. 2003), this Court applied the standard of 'arguable probable cause; in determining whether a police officer was immune from plaintiff's false-arrest claim pursuant to the immunity provided police officers in § 6–5–338(a). Arguable probable cause exists 'when an officer makes an arrest lacking probable cause if officers of reasonable competence in the same circumstances and with the same knowledge would disagree as to whether probable

---

[8] The passage from Alabama Tort Law on which Shaikh relies in support of this statement appears more relevant to proving one of the elements of an Alabama malicious-prosecution claim, *see Wal-Mart Stores, Inc. v. Goodman*, 789 So. 2d 166, 180 (Ala. 2000) ("In a malicious-prosecution case, the jury may, from evidence indicating a lack of probable cause, infer malice on the part of the defendant. However, this inference of malice may be rebutted by evidence indicating the defendant acted in good faith." (citation omitted)); *Hunter v. Mooring Tax Asset Grp., LLC*, 53 So. 3d 879, 886 (Ala. 2009) (same), but Shaikh has indicated he no longer wishes to pursue such claims.

cause existed.' *Borders*, 875 So.2d at 1179."). However, Shaikh's conclusory allegations that Officer Hoyt lacked even arguable probable cause to arrest him are not, by themselves, sufficient to stave off the application of discretionary-function immunity at the motion to dismiss stage. *See Randall v. Scott*, 610 F.3d 701, 709–10 (11th Cir. 2010) ("A district court considering a motion to dismiss shall begin by identifying conclusory allegations that are not entitled to an assumption of truth—legal conclusions must be supported by factual allegations."); *Ex parte Harris*, 216 So. 3d at 1213 ("Whether a police officer possesses probable cause or arguable probable cause to arrest an individual depends on the elements of the alleged offense and the operative set of facts." (citing *Brown v. City of Huntsville*, 608 F.3d 724, 735 (11th Cir. 2010)).

Nevertheless, the Court need not decide at this stage of the case whether Officer Hoyt had even "arguable probable cause" to arrest Shaikh, as the reason explained above for denying Officer Hoyt qualified immunity on Shaikh's federal false arrest/detention claim—that he did not effect a lawful arrest under § 15-10-3(a)—is also sufficient grounds to deny him discretionary-function immunity at this stage on Shaikh's state-law false arrest/detention claim. *See Telfare*, 841 So. 2d at 1229 ("Here, viewing the evidence in a light most favorable to Telfare as the nonmovant, we must conclude that Officer McCarver arrested Telfare for various misdemeanors, none of which was committed in Officer McCarver's presence. Because there is no evidence in the record tending to show that Officer McCarver was pursuing a discretionary

function, i.e., was effectuating a lawful arrest, the City has failed to demonstrate that it is entitled to immunity.").

For the foregoing reasons, the undersigned will recommend that Officer Hoyt's Rule 12(b)(6) motion to dismiss be **DENIED** as to Counts II and VIII of the first amended complaint.

### e. Amendment of the Complaint

As was previously explained, Shaikh cannot eliminate the rest of his claims against Officer Hoyt from this action by seeking to voluntarily dismiss them under Rule 41(a), but instead must do so by amending the complaint under Rule 15(a). *Klay*, 376 F.3d at 1106. "The court should freely give leave [to amend the pleadings] when justice so requires[,]" Fed. R. Civ. P. 15(a)(2), and Officer Hoyt has not objected to Shaikh's efforts to eliminate the other claims against him to avoid dismissal under Rule 12(b)(6). Accordingly, the undersigned will further recommend that Shaikh be granted leave to file, by a set date, a second amended complaint dropping all but his false arrest/detention claims against Officer Hoyt in his individual capacity.

The undersigned also recommends that the second amended complaint be ordered to comply with the following additional directives:

1. Shaikh's first amended complaint names as additional defendants "Fictitious Parties A-Z who are persons or entities unknown as of the filing of this Complaint who are responsible for the injuries to Plaintiff and who will be added when ascertained…" (Doc. 16, PageID.183, 185). "As a general matter, fictitious-party pleading is not permitted in federal court."

*Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (per curiam). The Eleventh Circuit Court of Appeals has "created a limited exception to this rule when the plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage.' " *Id.* (quoting *Dean v. Barber,* 951 F.2d 1210, 1215-16 (11th Cir. 1992)). However, Shaikh's descriptions of the fictitious defendants in the first amended complaint fall well short of this standard. *Cf. id.* ("In this case,…Richardson identified the defendant as 'John Doe (Unknown Legal Name), Guard, Charlotte Correctional Institute' in his complaint. Although he later referred to the 'John Doe' defendant as 'a Mr. Mitchell' in his letter to Matthew in January 2008, he did so only after the district court had dismissed his claim. Thus, the description in Richardson's complaint was insufficient to identify the defendant among the many guards employed at CCI, and the district court properly dismissed this claim."). Accordingly, Shaikh should also be ordered to eliminate the fictitious defendants from his second amended complaint.

2. To promote clarity going forward, Shaikh should also delete all claims and defendants that have been voluntarily dismissed under Rule 41(a).

### III.  Conclusion

In accordance with the foregoing analysis, the undersigned **RECOMMENDS** as follows:

1. that Shaikh's response brief (Doc. 32) be treated as a Rule 41(a)(1)(A)(i) notice of voluntary dismissal of all claims against the City, effective upon its filing;

2. that Shaikh be granted leave under Rule 15(a)(2) to file and serve, by a date certain, a second amended complaint that drops all claims against Officer Hoyt except the two false arrest/detention claims against Hoyt in his individual capacity;

3. that the Court direct that the second amended complaint, if filed, must also drop all fictitious defendants as parties, and drop all claims and parties that have been voluntarily dismissed under Rule 41(a); and

4. that the present Rule 12(b)(6) motion (Doc. 23) be **DENIED** as to the false arrest/detention claims against Officer Hoyt in Counts II and VIII of the first amended complaint, and otherwise be found **MOOT**, but **without prejudice** to Officer Hoyt's ability to renew his Rule 12(b)(6) motion as the other counts against him in the first amended complaint should Shaikh fail to timely or properly file a second amended complaint in accordance with the foregoing.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1*,* "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order

based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **5th** day of **June 2024**.

/s/ *Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**